IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADA SUE PROCK,

                          OPINION AND ORDER

          Plaintiff,

                          20-cv-369-bbc

    v.

ANDREW SAUL,
Commissioner of Social Security,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Ada Sue Prock seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding plaintiff not disabled within the meaning of the Social Security Act. Plaintiff contends that the administrative law judge (ALJ) erred in several ways.

As explained below, the ALJ failed to provide good reasons to support her decision to give more weight to the opinions of non-examining agency physicians than to those of plaintiff's treating and examining medical providers. In addition, the ALJ failed to address how plaintiff's mental limitations would affect her ability to perform her previous skilled job as a triage nurse. As a result, I conclude that the administrative law judge's assessment of plaintiff's residual functional capacity is not supported by substantial evidence. This case will be remanded for further proceedings.

1

OPINION

Plaintiff seeks disability insurance benefits beginning in May 2015, when she was 61 years old. In a March 2019 decision, the ALJ found that plaintiff was not disabled. Although plaintiff suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine and spondylosis, she had the residual functional capacity to perform light work, with only occasional overhead reaching, and frequent, but not constant, stooping. AR 19, 21. Relying on the testimony of a vocational expert, the ALJ found that plaintiff could still perform her past relevant work as a triage nurse. AR 25. The Appeals Council denied plaintiff's appeal, and plaintiff filed this lawsuit.

The case is now before this court to determine whether the ALJ's decision is supported by substantial evidence, that is, "sufficient evidence to support the agency's factual determinations." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). The threshold for sufficiency is not high; the substantial evidence standard requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The ALJ must identify the relevant evidence and build a "logical bridge" between that evidence and the ultimate determination. Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014).

Plaintiff contends that the ALJ erred by failing to: (1) evaluate the medical opinion evidence properly; (2) consider plaintiff's mental limitations in determining her residual functional capacity; and (3) evaluate plaintiff's subjective symptoms properly.

2

A. <u>Medical Opinions</u>

Plaintiff contends that the ALJ erred by failing to give more weight to the opinions from three of plaintiff's medical providers regarding plaintiff's functional capacity: Dr. Victoria Vandezande, her primary care physician; Dr. Kamal Thapar, her surgeon; and Bruce Klutz, her physical therapist. All three providers gave the opinion that plaintiff had significant impairments that would interfere with her ability to perform full-time work.

Under the treating physician rule in effect at the time of plaintiff's application, the ALJ has to give a treating physician's opinion controlling weight if it was "well-supported and not inconsistent with other substantial evidence." <u>Stage v. Colvin</u>, 812 F.3d 1121, 1126 (7th Cir. 2016); 20 C.F.R. § 404.1527(c)(2)-(6). If the ALJ does not give controlling weight to a treating physician's opinion, the ALJ has to assign it a weight based on factors such as the length and nature of the physician-patient relationship, the opinion's consistency with the record and the physician's area of specialty. 20 C.F.R. § 404.1527(c)(2); <u>Kaminski v. Berryhill</u>, 894 F.3d 870, 875 (7th Cir. 2018). An ALJ who chooses not to credit a treating source's opinion must offer "good reasons" for not doing so. <u>Stage v. Colvin</u>, 812 F.3d 1121, 1126 (7th Cir. 2016); 20 C.F.R. § 404.1527(c).

Dr. Vandezande gave an opinion in June 2018 that, because of plaintiff's chronic neck and back pain, plaintiff would be absent from work four days per month, and was not capable of any combination of sitting, standing and walking for eight hours on a sustained basis. She also stated that plaintiff was completely restricting from reaching, would need to elevate her legs for 30 minutes four times a day and would need to take a one-hour break

3

every day.  AR 783-84.  The ALJ gave Vandezande's opinion "little weight" on the grounds that Vandezande had seen plaintiff only once before giving the opinion and had not "established a significant treatment relationship" with her.  AR 24.  The ALJ also stated that Vandezande's notes from the single examination did not support her opinion that plaintiff had severe limitations.  Id.

I agree with plaintiff that the ALJ erred in evaluating Dr. Vandezande's opinion.  The ALJ was incorrect in stating that Vandezande had seen plaintiff only once before providing an opinion regarding her functional capacities.  In fact, Vandezande had been treating plaintiff for several years, since at least 2014, AR 404-13, and Vandezande received copies of treatment notes from plaintiff's surgical and imaging procedures.  AR 598-99, 610-11, 619-20, 624-25, 632, 637, 847-48, 860-61, 878-79.  Those procedures included x-rays showing osteoarthritis, lower lumbar spondylosis and osteopenia, multiple spinal surgeries, lumbar injections and radiofrequency lesioning for pain.  In addition, as plaintiff points out, there are multiple treatment notes in the record in which Vandezande discussed plaintiff's ongoing neck and back problems.  AR 486-88, 518, 520-21.  Because the ALJ relied on inaccurate information to discount Vandezande's opinion, the ALJ did not articulate "good reasons" for failing to give the opinion controlling weight as required by the regulations. Stage, 812 F.3d at 1126; 20 C.F.R. § 404.1527(c). The case must be remanded so that the ALJ can reconsider the weight to be given to Vandezande's opinion.

On remand, the ALJ should also reconsider the opinion of Dr. Kamal Thapar, plaintiff's treating surgeon.  Thapar submitted a medical source statement on plaintiff's

4

behalf in July 2016. Thapar had treated plaintiff for cervical radiculopathy and low back pain since May 2014, including performing multiple spinal surgeries. Thapar gave an opinion that plaintiff would be unable to stand and/or walk for two hours in an eight-hour day, would need to shift positions at will, would need to take a 10 minute walking break every hour, and would miss about four days per month because of her impairments and pain. AR 681-84. The ALJ gave Thapar's opinion "some weight," but stated that there was "nothing compelling" to support Thapar's opinion that plaintiff would miss four days of work each month. AR 23.

The ALJ did not provide good reasons for failing to give Thapar's opinion controlling weight. The ALJ did not explain adequately why there was "nothing compelling" to support Thapar's opinion as to absences. The AL summarized plaintiff's treatment history, but did not identify which parts of the treatment records she found to be inconsistent with Thapar's opinion. The ALJ also did not discuss the consistency between Vandezande's and Thapar's opinions.

Finally, the ALJ also should reconsider the opinion of plaintiff's physical therapist, Bruce Klutz. Klutz gave the opinion in July 2018 that plaintiff could not be reliable in maintaining full-time employment without missing two or more days each month. AR 646, 787. He stated that plaintiff was unable to sit for more than one hour at a time, and that she was unable to sit, stand, and walk for eight hours daily on a long-term basis. AR 788. ALJ gave "little weight" to Klutz's opinion because Klutz was not an "acceptable medical source" and his opinion was not supported by medical findings. AR 24. However, even

5

though a physical therapist is not an acceptable medical source for determining a claimant's impairments, a physical therapist's opinion and treatment notes are evidence that may be used to show the severity of an impairment and how it affects a claimant's ability to function. Thomas v. Colvin, 826 F.3d 953, 961 (7th Cir. 2016). Klutz treated plaintiff on several occasions. And, although Klutz's treatment notes showed that plaintiff had some improvement with physical therapy, the notes also reflect plaintiff's ongoing pain and limitations in mobility. AR 884, 890, 895. On remand, the ALJ should clearly articulate the weight given to each medical opinion and the evidentiary basis for the weight given. If the ALJ rejects a medical opinion, he or she must identify specific evidence in the record that is inconsistent with the opinion.

### B. Mental Limitations

The record shows that plaintiff had problems with her memory, forgetting words and facts, paying attention for more than a half hour, finishing what she started, and concentrating on written instructions for extended periods. AR 50, 240, 361, 699, 755. A neuropsychological evaluation reflected diminished memory scores and memory loss. AR 741-43. And a consultative psychological examiner, Dr. Desmonde, found that plaintiff would not be able to tolerate the stress and pressure of full-time, competitive employment. AR 737. Plaintiff contends that the ALJ erred by failing to incorporate any mental restrictions in plaintiff's residual functional capacity.

At step two of the sequential evaluation analysis, the ALJ found that plaintiff had non-severe depression and memory problems that caused mild limitations in all four areas of mental functioning: understanding, remembering or applying information; interacting with others; concentrating, persisting or maintaining pace; and adapting or managing oneself. AR 20. At the end of her step two analysis, the ALJ recognized that the limitations identified "were not a residual functional capacity assessment," and that the mental residual functional capacity assessment would require "a more detailed assessment" of plaintiff's mental functional limitations. AR 20. However, the ALJ did not discuss plaintiff's depression, memory problems or her mild mental limitations in her residual functional capacity assessment. Nor did the ALJ include any non-exertional or mental restrictions in her residual functional capacity assessment or explain clearly why she omitted any such restrictions.

The commissioner argues that the ALJ did not incorporate mental limitations into plaintiff's residual functional capacity because the ALJ gave great weight to the state-agency reviewing psychologist's opinion that plaintiff had no severe mental impairment and had only mild difficulties in mental abilities. But this argument is not persuasive. In some cases, an ALJ's failure to address whether a claimant had specific functional limitations related to mild mental impairments might be insignificant. In this case, however, I agree with plaintiff that the ALJ erred by failing to discuss how plaintiff's mental impairments affected her residual functional capacity. The ALJ found that plaintiff was not disabled because she could perform her past job as a triage nurse. However, plaintiff's job as triage nurse was a skilled

7

position that required her to use technical knowledge and skills, machines and tools, to evaluate patients and complete written reports. AR 247. Even mild mental limitations, such as those that the ALJ found with respect to memory; understanding, remembering or applying information; interacting with others; and concentrating, persisting or maintaining pace could affect a person's ability to perform a skilled job. See, e.g., Pamela J. B. v. Saul, No. 19 C 6800, 2021 WL 963765, at *4 (N.D. Ill. Mar. 15, 2021) ("[E]ven mild limitations in domains like concentration, persistence, or pace can impact a claimant's ability to work in skilled or semi-skilled positions."). This case must be remanded so that the ALJ can address whether plaintiff's mental limitations in all four areas of mental functioning would preclude her from performing her past skilled work.

### C. Subjective Symptoms

Finally, plaintiff argues that the ALJ failed to give proper consideration to plaintiff's subjective symptoms. The ALJ concluded that plaintiff's allegations of her pain and limitations were not supported by the overall record. AR 22. The ALJ discussed plaintiff's daily activities, hobbies, volunteer work and travel to see her grandchildren. Id. Plaintiff argues that the ALJ relied too heavily on her daily activities and her temporary improvement with medication and treatment, and that the ALJ failed to acknowledge that plaintiff required frequent rest breaks and experienced ongoing pain during her activities.

Because I am remanding this case for other reasons, I need not decide whether the ALJ's analysis of plaintiff's subjective symptoms would be an independent basis for remand.

However, on remand, the ALJ should be sure to address whether plaintiff's daily activities, travel, and improvement with treatment are inconsistent with her complaints of chronic pain and restrictions. In addition, the ALJ should consider whether plaintiff's ability to engage in a handful of temporary activities, with rest breaks, is evidence that plaintiff could engage in full-time, competitive work on sustained basis.

### ORDER

IT IS ORDERED that the that the decision denying benefits to Ada Sue Prock is REVERSED and this case is REMANDED to defendant Andrew Saul, Commissioner of Social Security, for further proceedings consistent with this opinion.

Entered this 11th day of June, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge